WO                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 20-00467-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Gilwreath, et al., | |
| Defendants. | |

On March 3, 2020, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Lewis, filed a "Motion for Leave to File Pursuant to Court Order" (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 3) and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will grant the Motion to File and dismiss the Complaint and this action pursuant to 28 U.S.C. § 1915(g).

## I. Vexatious Litigant Orders

Plaintiff has filed more than 200 cases in this Court since 2002. In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court. In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the current vexatious litigant injunction and set additional pre-filing requirements. Pursuant to the amended injunction entered against Plaintiff, before filing a

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is biologically male, but identifies as female and refers to herself with feminine pronouns.

complaint, Plaintiff must obtain leave of the Court. Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

    1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.

    2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**

    3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:

    (1) in the FIRST sentence, a request for leave to file;

    (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.

    If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.

    (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted. If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of the Court.

    4. Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of

serious physical injury. False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions.

5. **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.**

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

Plaintiff has filed a Motion for Leave to File, copies of grievances related to her claims, and some medical documentation supporting her medical claims. Accordingly, the Court will grant the Motion to File.

## II. "Three Strikes Provision," 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger exception applies "if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). A prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Plaintiff has filed at least three actions in this Court that were dismissed as frivolous, malicious, or as failing to state a claim. *See, e.g.*, CV 02-01670-PHX-JAT (DKD), CV 02-01725-PHX-JAT (DKD), and CV 02-01726-PHX-JAT (DKD). Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee and $50.00 administrative fee unless Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff raises three claims for relief in the Complaint: (1) "Defendants have denied [her] care for throwing up feces, know she has had 3 SBO's and has had surgery, and they don't do anything knowing she is having issues"; (2) "Defendants have refused to issue the Dove soap that she . . . has an order for due to serious allergy to state soap"; and (3) because Plaintiff suffers from anemia, she gets cold quickly but Defendants "have the air on in her house and you can feel the coldness in [her] pod, there is no heat at all."

Plaintiff's claims in Count One are duplicative of a previously filed case. In her First Amended Complaint in CV 19-04335, Plaintiff alleged that due to bowel problems she was "throwing up feces." (Doc. 20 in CV 19-04335 at 7.) In that case, Plaintiff also alleged she was experiencing pain and Defendants would not send her to the hospital. In a February 13, 2020 Order in CV 19-04335, the Court ordered service and called for answer to Plaintiff's claims regarding her bowel issues. Although Plaintiff alleges in this case that her problems are ongoing, she has not raised a new claim for relief or demonstrated she is imminent danger of serious injury different from the injury alleged in her earlier lawsuit. Further, Plaintiff's claims in Counts Two and Three are insufficient show imminent danger of serious physical injury.

The Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to File (Doc. 1) is **granted**; the Clerk of Court must file the Complaint.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **denied**.

(3) Plaintiff's Complaint and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

. . . .

(4) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 1st day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge